**AMP INCORPORATED, Plaintiff,**

v.

**Akin AKSU, d.b.a. Program Data Company, Defendant.**

**Civ. A. No. 8611.**

United States District Court
M. D. Pennsylvania.
Dec. 18, 1964.

Hull, Leiby & Metzer, Harrisburg, Pa., for plaintiff.

Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for defendant.

FOLLMER, District Judge.

In this action plaintiff seeks to enjoin defendant, its former employee, from disclosing any confidential information or trade secrets acquired by him in the course of his employment by plaintiff; from using or imparting such confidential information; seeks to have defendant required to divulge to plaintiff information relative to any inventions made by him which come within the scope of defendant's invention agreement; seeks to have defendant required to perform invention agreement, and to account for and pay plaintiff profits acquired by any breach of agreement.

There is before the Court the following motions filed by defendant:

1. For partial dismissal.

2. For protective order.

Defendant contends that restrictive provision for a two year period following termination of employment is unconscionable and its enforcement contrary to public policy.

I find nothing illegal, unconscionable nor unreasonable in the two year restrictive period in this case. A. F. Holden Co. v. O'Brien et al., D.C.E.D.

Pa., 73 USPQ 481 (1947); Pankas v. Bell, 413 Pa. 494, 198 A.2d 312 (1964).

Motion for partial dismissal is denied.

■ Motion for protective order is denied at this time. At the taking of depositions if questions are asked clearly above and beyond the scope of proper inquiry, defendant may refuse to answer. The matter may then be referred to the Court at which time an appropriate order may be made.